UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Case No.: 5:22-cv-00499-JA-PRL

RONNIE L. SMALLEY,

       Plaintiff,

vs.

RAPID AUTO LOANS, LLC,

       Defendant.

_____/

## MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE, OR ALTERNATIVELY, MOTION TO TRANSFER VENUE

Defendant, Rapid Auto Loans, LLC ("RAL"), by and through undersigned counsel, moves the Court to dismiss the Complaint [D.E. 1] for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), or to transfer venue to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1404(a).

## I.    FACTUAL BACKGROUND

On or about March 31, 2021, RAL issued a loan (the "Loan") to Plaintiff Ronnie L. Smalley ("Plaintiff" or "Smalley"). *See* Declaration of Vana Ross ("Ross Declaration") attached hereto as Exhibit B. RAL is a Florida limited liability company with its headquarters and principal place of business in Pompano Beach, Florida. *Id*. at ¶¶ 4-5. The Agreement signed by Plaintiff contains the following agreed upon provision:

> **JURISDICTION AND VENUE**. The Borrower(s) and Lender acknowledge that a substantial portion of the negotiations, anticipated performance and execution of this Agreement occurred or shall occur in Broward County, Florida. **Any civil action or legal proceeding arising out of or relating to this Agreement shall be brought in the courts of record of the State of Florida**

> **in Broward County or the United States District Court,
> Southern District of Florida, Fort Lauderdale Division.** Both
> parties consent to the jurisdiction of such court in any such civil
> action or legal proceeding and waive any objection to the laying of
> venue of any such civil action or legal proceeding in such court . . .

A true and correct copy of the Agreement is attached hereto as Exhibit A; Ross Declaration, ¶ 7.

Plaintiff alleges that several months ago he received calls and texts to his cellular phone

from RAL. Complaint, ¶¶ 8-10. During these calls, Plaintiff was allegedly informed that RAL

was seeking to collect upon the subject delinquent debt, which was incurred pursuant to the

Agreement. Complaint, ¶¶ 8-10.

## II.    ARGUMENT

### A. Plaintiff's Complaint Should be Dismissed Under Rule 12(b)(3) Improper Venue.

The Court should dismiss Plaintiff's Complaint because venue is improper, per the

mandatory venue clause in the Agreement entered into between the parties. *See* Fed. R. Civ. P.

12(b)(3). Plaintiff entered into an Agreement with RAL which was negotiated and entered into

within Broward County, Florida, that explicitly provides within a section with the heading

"Jurisdiction and Venue" that: "Any civil action or legal proceeding arising out of or relating to

this Agreement **shall** be brought in the courts of record of the State of Florida in Broward

County or the United States District Court, Southern District of Florida, Fort Lauderdale

Division." A true and correct copy of the Agreement is attached hereto as Exhibit A. Therefore,

Plaintiff's lawsuit should be dismissed for improper venue, per the mandatory forum selection

clause in the parties' Agreement.

Plaintiff bears the burden of establishing that his claims are brought in the proper judicial

district. *See Burger King Corp. v. Thomas*, 755 F.Supp. 1026, 1208 (S.D. Fla. 1991). Plaintiff

fails to meet this burden. Plaintiff asserts that venue is proper in the Middle District of Florida

because it is where Plaintiff resides and where "Defendant conducts business".   Complaint ¶ 3. However, in the Complaint, Plaintiff states that he "obtained an auto loan through Rapid Auto Loans, LLC" Complaint ¶ 6.  The financing Plaintiff obtained was pursuant to the Agreement he entered into with Defendant, which contains a mandatory forum selection clause.  Plaintiff's claims in this case arise out of and relate to the Agreement in that the Defendant's alleged phone calls and text messages to the Plaintiff pertained to the delinquent balance Plaintiff owes on the Loan.

"Forum selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances."  *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Florida law provides that "a forum selection clause 'should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.'" *Leon's Auto Sales, Inc. v. Leedom & Assocs., LLC*, No. 15 C 3069, 2015 U.S. Dist. LEXIS 109739 *7-8, 2015 WL 4978696 (N.D. Ill. Aug. 19, 2015) (*quoting Manrique v. Fabbri*, 493 So. 2d 437, 440 (Fla. 1986)). Moreover, "Florida courts follow the Supreme Court's test for determining unreasonableness of forum selection clauses developed in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972)." *Id.* Therefore, mere inconvenience or additional expense are insufficient to show unreasonableness. *Id.* (*citing Manrique*, 493 So. 2d at 440) (quotation omitted). Instead, "it is 'incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.'" *Id.* (*quoting Zapata*, 407 U.S. 18).

Florida law distinguishes between mandatory and permissive forum selection clauses. *Id.* (*citing Celistics, LLC v. Gonzalez*, 22 So. 3d 824, 825 (Fla. Dist. Ct. App. 2009)). Whereas "'[a] mandatory clause designates a specific forum as the exclusive forum in which to litigate the dispute. A permissive clause merely consents . . . to jurisdiction in the designated forum and does not foreclose litigation in an alternative forum.'" *ECB United States v. Savencia*, No. 1:18-cv-24755-UU, 2019 U.S. Dist. LEXIS 229344 *8 n. 2 (S.D. Fla. Apr. 24, 2019) (*quoting Cardoso v. Coelho*, 596 F. App'x 884, 885-86 (11th Cir. 2015). The word "shall," as used in the Agreement, "is a word of exclusivity that causes a forum selection clause to [be] 'most reasonably interpreted to mandate venue.'" *Id.* (*quoting Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011); *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004)); *see also CajunLand Pizza, LLC v. Marco's Franchising, LLC*, No. 19-10366, 2020 U.S. Dist. LEXIS 40944 *, 2020 WL 1157613 (E.D. La. Mar. 10, 2020) (forum-selection clause is mandatory where it provides that "[a]ny proceeding arising out of or relating to this Agreement shall be brought…").

Because this action is one "arising out of or relating to" the Agreement, Plaintiff was required to bring it in the Southern District of Florida and not in this District.  Courts have routinely noted that contractual provisions addressing claims "relating to" the contract are broad and, thus, "are not limited to claims that literally 'arise under the contract,' but rather embrace all disputes between the parties having a significant relationship to the contract regardless of the label attached to the dispute."  Text messages allegedly sent in an effort to collect the delinquent balance due on the Loan are clearly *related to* the Agreement that governed the Loan.  *See Mims v. Global Credit & Collection Corp.*, 803 F.Supp.2d 1349 (S.D. Fla. 2011).  Accordingly,

Plaintiff's Complaint should be dismissed for improper venue, per the mandatory forum selection clause in the parties' Agreement.

### B. In the Alternative, This Action Should Be Transferred to the Southern District of Florida Based on *Forum Non Conveniens*.

In the alternative, if the Court declines to dismiss the Complaint under Rule 12(b)(3), RAL moves for a change of venue and requests that the Court transfer this case to the United States District Court, Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  A district court must consider an enforceable forum-selection clause in the *forum non conveniens* analysis.  *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024 (11th Cir. 2014).

The Agreement signed by Plaintiff contains a section with the heading "Jurisdiction and Venue" which unequivocally provides: "Any civil action or legal proceeding arising out of or relating to this Agreement shall be brought in the courts of record of the State of Florida in Broward County or the United States District Court, Southern District of Florida, Fort Lauderdale Division." *See* Exhibit A.  Forum-selection clauses such as the one contained in the Agreement signed by Plaintiff are enforced through the doctrine of *forum non conveniens*.  *See GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024 (11th Cir. 2014).

To obtain dismissal for *forum non conveniens*, "[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *GDG Acquisitions, LLC*, 749 F.3d at 1028 (quoting *Leon v. Millon*

*Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir.2001)).  The Supreme Court has explained that an

enforceable forum-selection clause carries near-determinative weight in this analysis.  *See Atl.*

*Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 60, 134 S. Ct. 568, 187 L. Ed. 2d

487 (2013).  "When parties agree to a forum-selection clause, they waive the right to challenge

the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for

their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh

entirely in favor of the preselected forum."  *Id.*  The Court further explains that "[w]hatever

'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as

[they] agreed to do was clearly foreseeable at the time of contracting."  *Id.*  "A binding forum-

selection clause requires the court to find that the *forum non conveniens* private factors entirely

favor the selected forum..." *GDG Acquisitions, LLC v. Gov't of Belize*, 749 F.3d 1024 (11th Cir.

2014).

　　The Supreme Court has held that the application of 28 U.S.C. § 1404(a) principles is the

appropriate method to analyze a valid forum selection clause requiring transfer to another federal

district court.  *Bachstein v. Discord, Inc.*, 424 F.Supp.3d 1154 (M.D. Fla. 2019) (*citing Atl.*

*Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 134 S. Ct. 568, 579,

187 L.Ed.2d 487 (2013).  Furthermore, "a proper application of § 1404(a) requires that a forum-

selection clause be 'given controlling weight in all but the most exceptional cases."  *Id.*

Therefore, "[w]hen the parties have agreed to a valid forum-selection clause, a district court

should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary

circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied."

*Id.* at 581.  "Forum-selection clauses are presumptively valid and enforceable unless the plaintiff

makes a 'strong showing' that enforcement would be unfair or unreasonable under the

circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). "The burden is on the party resisting the enforcement of a forum selection clause to establish fraud or inequitable conduct sufficient to bar enforcement of the clause." *Cornett v. Carrithers*, 465 F. App'x 841, 843 (11th Cir. 2012).

When there is a valid forum selection clause, the court applies a modified § 1404(a) analysis to determine if there is a reason not to transfer the case to the chosen forum. *Bachstein*, 424 F.Supp.3d at 1158. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* (quoting *Atl. Marine*, 134 S. Ct. at 581). "Second, a court evaluating a defendant's § 1404(a) motion to transfer ... should not consider arguments about the parties' private interests." *Id.* "Instead, a court considers only arguments about public-interest factors which rarely will be sufficient to defeat a motion to transfer to the agreed upon forum." *Id.* (quoting *Cableview Commc'ns of Jacksonville, Inc. v. Time Warner Cable Se. LLC*, No. 3:13-cv-306-J-34JRK, 2014 WL 1268584, at *21 (M.D. Fla. Mar. 27, 2014)). Importantly, the Supreme Court has repeatedly emphasized that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 63.

As discussed in Subsection A above, the forum selection clause in the Agreement is valid and enforceable, and this case should be transferred to the Southern District of Florida. Plaintiff entered into an Agreement with RAL, which was negotiated and entered into within Broward County, Florida, that explicitly provides within a section with the heading "Jurisdiction and Venue" that: "Any civil action or legal proceeding arising out of or relating to this Agreement **shall** be brought in the courts of record of the State of Florida in Broward County or the United

States District Court, Southern District of Florida, Fort Lauderdale Division." *See* Exhibit A. Payment is to be made in Broward County, where RAL maintains its headquarters and principal place of business, which is where Plaintiff's payments were supposed to be made and where all of Defendant's witnesses are located. *See* Exhibit A.

Accordingly, this action should be transferred to the United States District Court, Southern District of Florida, Fort Lauderdale Division for the reasons stated herein.

## III.    CONCLUSION

For all of the foregoing reasons, the Complaint against Rapid Auto Loans, LLC should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, this action should be transferred to the Southern District of Florida, Fort Lauderdale Division pursuant to 28 U.S.C. § 1404(a).

## <u>CERTIFICATE OF SERVICE</u>

**WE HEREBY CERTIFY** that on November 18, 2022, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We further certify that we either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non-CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

Respectfully submitted,

**LAW OFFICES OF DOUGLAS J. JEFFREY, P.A.**
***Attorneys for Defendant, Rapid Auto Loans, LLC***
6625 Miami Lakes Drive East, Suite 365
Miami Lakes, Florida 33014
Telephone: (305) 828-4744
Facsimile:  (305) 828-4718
Email: dj@jeffreylawfirm.com

By:  Douglas J. Jeffrey, Esq.
        DOUGLAS J. JEFFREY
        Florida Bar No. 149527
        GAIL M. WALSH
        Florida Bar No. 1010154

**SERVICE LIST**
**Ronnie L. Smalley v. Rapid Auto Loans, LLC**
**Case No.: 5:22-cv-00499-JA-PRL**
**Ocala Division**

**Alexander J. Taylor, Esq.**
**Sulaiman Law Group, Ltd.**
2500 S Highland Ave., Suite 200
Lombard, IL 60148
Email: ataylor@sulaimanlaw.com
Telephone: (630) 575-8181
*Counsel for Plaintiff*